91-147 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-147-CV





PUBLIC CITIZEN,





 APPELLANT


vs.





INSURANCE SERVICES OFFICE, INC., ET AL., 



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 439,089, HONORABLE PETE LOWRY, JUDGE PRESIDING



 



 



 Following the settlement of an antitrust suit by the State of Texas and several
insurance companies, (1) Public Citizen, a consumer-advocate group, filed a motion to intervene and
a motion to vacate a protective order. See Tex. R. Civ. P. Ann. 76a (Supp. 1991). The trial
court granted the motion to intervene but denied the motion to vacate the protective order. Public
Citizen appeals the denial of its motion to vacate the protective order. We affirm the order of the
trial court.



THE CONTROVERSY


 In 1988, the State of Texas filed an antitrust action against several insurance
companies. To expedite discovery, the parties agreed to conduct discovery under an agreed
protective order. That order permitted any party to designate as "confidential" any document
which the party believed to contain information that could be protected under Rule 166b(5). See
Tex. R. Civ. P. Ann. 166b(5) (Supp. 1991). The order restricted access to the documents to
certain individuals and forbade the use or disclosure of the documents for any purpose except for
preparing, trying and appealing the antitrust suit.

 In 1990, the Supreme Court of Texas promulgated Texas Rule of Civil Procedure
76a, which provides guidelines and procedures for sealing court records. Tex. R. Civ. P. Ann.
76a (Supp. 1991). Rule 76a(9) states that the new rule applies to "all court records filed or
exchanged after the effective date" and to "any motion to alter or vacate an order restricting access
to court records, issued before the effective date." Tex. R. Civ. P. Ann. 76a(9)(a), (b) (Supp.
1991). The effective date of the rule was September 1, 1990.

 On November 1, 1990, the State filed a motion asking the district court to vacate
the agreed protective order because Rule 76a established a presumption that court records are to
be open to the public. The State contended the Companies had abused the protection of the order
by misrepresenting the contents of the documents, which, of course, were unavailable for
verification by the terms of the order. The State argued that the Companies should have to follow
the procedures set out in Rule 76a to assure that the records remain sealed. See Tex. R. Civ. P.
Ann. 76a(3-6) (Supp. 1991).

 The district court held a hearing on the State's motion on December 7, 1990. 
Public Citizen had advance notice of the hearing and had a representative present at the hearing,
but did not participate in the proceeding. On December 14, 1990, the district court issued an
order which granted the State's motion in part, vacating the protective order as to documents filed
after September 1, 1990. The court denied the motion as to documents filed before September
1, 1990, thereby maintaining the protective order with respect to documents filed before the
effective date of Rule 76a.

 On December 18, 1990, Public Citizen filed several motions in connection with the
court's ruling. It sought to intervene in the suit, alleging that it was entitled to do so by virtue
of Rule 76a(7), and also moved to vacate the protective order to the extent it allowed the records
to remain sealed. Relying on Rule 76a(9), Public Citizen argued that the court should unseal all
records except those specific documents demonstrated by the Companies to fall within the
exceptions to disclosure set out in Rule 76a(1).

 The district court heard argument on the motions in January 1991. During that
hearing the court granted Public Citizen's motion to intervene, but took the motion to vacate the
protective order under advisement. In February 1991, the court denied the motion to vacate the
protective order without explanation.

 In a single point of error, Public Citizen contends the district court erred in failing
to follow the procedures set forth in Rule 76a and in denying Public Citizen's motion to vacate
the protective order. In a cross point, the Companies respond that Public Citizen may not
challenge the district court's order on appeal because they were not entitled to intervene in this
action. 



 DISCUSSION


 The parties advance sharply different contentions regarding the applicability of Rule
76a. Public Citizen maintains that Rule 76a governs its cause of action and provides a mechanism
for intervention. Public Citizen also argues that, because the hearing below was based on Rule
76a, it has a right to appeal and to urge that the trial court erred by failing to vacate the protective
order. The Companies, on the other hand, contend that the district court hearing was not a Rule
76a hearing, and that Rule 76a gives Public Citizen no right to intervene or to secure relief by
appeal. We need not resolve these competing claims, however, because we conclude that Public
Citizen is an "intervenor who had actual notice" and is precluded from challenging the trial court's
ruling under the express provisions of Rule 76a(7):



Any person may intervene as a matter of right at any time before or after judgment
to seal or unseal court records . . . . An order sealing or unsealing court records
shall not be reconsidered on motion of any party or intervenor who had actual
notice of the hearing preceding issuance of the order, without first showing
changed circumstances materially affecting the order.



Tex. R. Civ. P. Ann. 76a(7) (Supp. 1991) (emphasis added). Public Citizen concedes that it had
a representative at the December 7 hearing on the State's motion to vacate the protective order. 
By the terms of Rule 76a(7), Public Citizen had no right to a reconsideration of the motion to
vacate.

 We believe that Rule 76a(7) prevents an interested non-party such as Public Citizen
from waiting on the sidelines until a court issues an order, and then, if dissatisfied with the
outcome, intervening and forcing the parties and court to relitigate the issue.


 

CONCLUSION


 We overrule Public Citizen's point of error. Therefore, we need not address the
Companies' cross-point complaining of the trial court's order allowing Public Citizen to intervene. 
We affirm the order of the trial court.



 

 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: February 26, 1992

[Publish]
1. [1]  Aetna Casualty and Surety Company, Insurance Company of North America, Fireman's
Fund Insurance Company, Hartford Fire Insurance Company, Liberty Mutual Insurance
Company, St. Paul Fire and Marine Insurance Company, The Travelers Insurance Company,
United States Fidelity & Guaranty Company, The Reinsurance Association of America, Robin
A.G. Jackson and Merrett Underwriting Agency Management, Ltd.