**Chloe J. CHANDLER, Appellant,**

v.

**HYUNDAI MOTOR COMPANY,
Appellee.**

No. 01–91–00498–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1992.

Mike O'Brien, P.C., Houston, for appellant.

Stephen R. Kirklin, Tim S. Leonard, Jack J. Garland, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Chloe J. Chandler (Chandler), pursuant to Tex.R.Civ.P. 76a(8), appeals from the trial court's protective order restricting disclosure of documents produced by appellee, Hyundai Motor Company (Hyundai), to examination and use by only trial counsel, court reporters, and technical experts. This Court dismissed the appeal on jurisdictional grounds. *Chandler v. Hyundai Motor Co.*, No. 01–91–00498–CV, 1991 WL 148717 (Tex.App.—Houston [1st Dist.] Aug. 8, 1991) (not yet reported) (*Chandler I*). The supreme court reversed the dismissal and remanded the appeal to this Court for further consideration.

*Chandler v. Hyundai Motor Co.,* 829 S.W.2d 774 (Tex.1992) (*Chandler II*).

### 1. Factual Background

Hyundai filed a motion for protective order claiming certain documents relating to seatbelt manufacture and seatbelt testing contained trade secrets, the disclosure of which would injure Hyundai. Chandler responded to Hyundai's motion for protective order that under TEX.R.CIV.P. 166b(5)(c), Hyundai had not complied with the notice and hearing provisions of TEX.R.CIV.P. 76a.[1] A discovery hearing was held on March 4, 1991, before the master concerning interrogatories and production of documents. The master, in a letter dated March 5, to counsel for both sides, indicated his understanding that at the hearing, counsel agreed that Hyundai's motion for protective order would be submitted to him and that the briefs submitted would constitute an evidentiary hearing on the motion for protective order. In this same letter he gave his ruling that the dissemination of the documents should be limited to the parties, their counsel, and experts.

In response to the March 5 letter, counsel for Chandler wrote a letter dated March 7 to the Master indicating his concern that Chandler's position on the motion for protection had been misunderstood and stating that Chandler's position was that rule 76a applied to the motion for protective order requested by Hyundai. In the letter Chandler's counsel stated, "At the master's hearing, all parties agreed that your Honor could preliminarily determine whether as a matter of law rule 76a applies, and thus whether an evidentiary hearing is required." In the letter, Chandler's counsel requested that the master reconsider the matter and that an evidentiary hearing on Hyundai's motion for protective order be noticed and held pursuant to rule 76a.

On April 12, 1991, the trial court adopted the master's recommendations that Hyundai's motion for protective order be granted.

During the pendency of Chandler's appeal of the protective order, the underlying lawsuit was tried to a jury and a final judgment was entered by the trial court on November 21, 1991. Hyundai perfected an appeal of the final judgment that was initially assigned to this Court, but the cause was later transferred to and is now pending before the Thirteenth Court of Appeals.

### 2. Chandler's Points of Error

Chandler challenges the trial court's protective order on the ground of lack of compliance with the notice and hearing requirements of rule 76a and on the ground that there was no evidence to support the trial court's protective order.

### 3. Hyundai's Motion to Dismiss

Hyundai moves the Court to dismiss Chandler's appeal on two grounds: (1) that it is moot because the underlying suit from which the appeal arises has been fully tried and a final judgment has been issued, rendering the protected documents of no further interest to Chandler, and (2) that TEX. R.CIV.P. 76a(8) does not provide for appellate review of protective orders granted under TEX.R.CIV.P. 166b. Hyundai made these arguments earlier to the supreme court in a motion to dismiss Chandler's application for writ of error. In *Chandler II,* the supreme court explicitly rejected the second argument. This constitutes the law of the case. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986) (any questions of law decided on appeal to the court of last resort will govern the case throughout all of its subsequent stages).

■ We disagree that the appeal of this matter is made moot by the trial of the cause. Rule 76a by its very terms operates to benefit the public at large and not just the party litigants. The public's interest cannot be "mooted" or settled by the party litigants. The case of *Merrill Lynch, Pierce, Fenner & Smith, v. Hughes,* 827 S.W.2d 859 (Tex.1992), relied upon by ap-

---

1. Rule 76a generally sets forth notice and hearing procedures for a trial court to follow in ruling on a motion to restrict disclosure/dissemination of documents produced in the discovery process.

pellee, is easily distinguished. *Merrill Lynch* involved an order denying private arbitration among the parties to the litigation. After the settlement of the dispute, there no longer existed any controversy, and the appeal was moot. The fact situation has nothing to do with rule 76a.

We overrule appellee's motion to dismiss the appeal.

### 4. Hyundai's Assertion of Waiver by Chandler

■ In its appellate brief, Hyundai asserts that Chandler waived her rights under rule 76a. As evidence of this waiver, Hyundai points to the March 7, 1991, letter written by counsel for Chandler containing the statement that all parties agreed that the master could preliminarily determine whether as a matter of law rule 76a applied and whether an evidentiary hearing was required.

As authority for its contention that rule 76a rights are waivable, Hyundai cites *Public Citizen v. Insurance Serv. Office,* 824 S.W.2d 811 (Tex.App.—Austin 1992, no writ). In that case, the court overruled the intervenor's, Public Citizen's, point of error that in denying its motion to vacate the protective order, the trial court erred in not following the procedures set forth in rule 76a. In reviewing the trial court's denial of Public Citizen's motion to vacate, the Austin Court of Appeals cited, in part, Tex. R.Civ.P. 76a(7):

An order sealing or unsealing court records shall not be reconsidered on motion of any party or intervenor who had actual notice of the hearing preceding the issuance of the order.

The court held that under the above terms of rule 76a(7), Public Citizen had no right to a reconsideration of the court's refusal to vacate the protective order because it had advance notice of and attended without participating in an earlier hearing on the plaintiff's motion to vacate the protective order.

We decline to follow the ruling in *Public Citizen* as authority for ruling on waiver in this case. It is not clear from the opinion whether the earlier hearing Public Citizen

attended was one conducted pursuant to the provisions set forth in rule 76a. The opinion states that Public Citizen had advance notice of the hearing, which could indicate compliance with the notice requirement of rule 76a(3). However, there is no mention in the opinion of compliance with other provisions of the rule, and, in fact, the insurance companies, whose documents were protected, contended that the hearing was not a rule 76a hearing.

It is undisputed in this case, that the hearing preceding the master's recommendation to grant Hyundai's protective order was not conducted in accordance with rule 76a. When all the paragraphs of rule 76a are read together, it is clear that the hearing the supreme court was referring to when it drafted Tex.R.Civ.P. 76a(7) is one that has been conducted in accordance with the rule's other provisions; that is, one in which: °

(1) the notice requirements have been met; Tex.R.Civ.P. 76a(3);

(2) the party seeking to restrict the dissemination of the documents (Hyundai) had the burden to show

(a) that it had a specific, serious and substantial interest that clearly outweighed the statutory presumption of openness,

(b) what probable adverse effect that restricting dissemination of the documents to the public would have upon the general public health or safety; and

(c) that no less restrictive means would adequately and effectively protect the specific interest asserted; Tex. R.Civ.P. 76a(1), (7); and

(3) one after which the court made a written order stating the specific reasons for finding that the showing required in Tex.R.Civ.P. 76a(1) had been made. Tex. R.Civ.P. 76a(6).

In the *Public Citizen* case, if the hearing preceding the court's denial of the plaintiff's motion to vacate the protective order was conducted in accordance with all the requirements of rule 76a, its facts are distinguishable from the facts in this case, and it therefore does not govern this case. If, on the other hand, that hearing was not

conducted in accordance with all the requirements of rule 76a, we respectfully disagree with the Austin Court of Appeals. Rule 76a does not reserve discretion to the trial court whether to comply with its provisions. The Texas Rules of Civil Procedure have the same plain force and effect as statutes, and while the court should liberally construe them to ensure a fair and equitable adjudication of the rights of the litigants, the courts cannot ignore their plain meaning. *HBA East, Ltd. v. JEA Boxing Co.*, 796 S.W.2d 534, 538 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

Appellee asserts that appellant has failed in the threshold requirement of showing the disputed documents are "court records." Such position, we believe is incorrect. The supreme court has held that any party aggrieved by the trial court decision regarding rule 76a, "including the decision whether the document is a court record" may appeal the interlocutory order. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex.1992). That statement clearly contemplates one hearing in accordance with rule 76a at which the "threshold" requirement is decided.

### 5. Chandler's Third Point of Error

In her third point of error, Chandler asserts the trial court erred in failing to conduct an evidentiary hearing on Hyundai's motion for protective order as required by rule 76a. We hold the plain requirements of rule 76a were not met.

We sustain Chandler's third point of error. Because of our ruling on this point of error, it is unnecessary to rule on Chandler's other points of error.

We reverse the trial court's order of April 12, 1991, protecting Hyundai's documents, and remand the case to the trial court to conduct a hearing in accordance with the requirements of rule 76a.