

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00509-CV & 04-18-00844-CV

**TITLE SOURCE, INC.**, et al.,
Appellants

v.

**HOUSECANARY, INC.**, f/k/a Canary Analytics, Inc.,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-06300
Honorable David A. Canales, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice
Concurring Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed: July 10, 2019

REVERSED AND RENDERED

These consolidated appeals arise from a business dispute involving trade secrets. After a jury trial concluded, the trial court ordered several admitted exhibits sealed or redacted. Later, the trial court denied appellants' motions to modify the sealing order but clarified the order. Appellants contend in the first consolidated appeal, No. 04-18-00509-CV, that the trial court erred by entering the sealing order. In the second appeal, No. 04-18-00844-CV, appellants contend the trial court erred by refusing to modify the sealing order. Some appellants also contend, in the second appeal, that the trial court's clarification order is void for vagueness.

Appellee contends that we do not have jurisdiction to consider the first appeal. We first address and deny appellee's jurisdictional challenge. We then hold that the trial court erred when it entered the sealing order. Our resolution of the first appeal renders the second appeal moot.

## BACKGROUND

Appellant Title Source, Inc. ("Title Source") and Appellee HouseCanary, Inc. f/k/a Canary Analytics, Inc. ("HouseCanary") develop and compile algorithms, software, and data as part of their businesses. Each prize this information as proprietary trade secrets. We take no position on whether this information is, in fact, "trade secrets" as the law defines that term.

Title Source sued HouseCanary for breach of contract, fraud, and tortious interference. HouseCanary counterclaimed for misappropriation of intellectual property under the Texas Uniform Trade Secrets Act ("TUTSA") and other common-law theories.

Early in the case, the parties agreed to a stipulated protective order (the "SPO"). Among other things, the SPO provides procedures for the parties to mark information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The SPO grants limited protections for such materials and also specifies procedures for sealing the materials in court. The parties dispute the importance of the SPO, but no party disputes that it was validly entered and is enforceable.[1]

At a pretrial hearing, the parties presented their lists of exhibits to be preadmitted. Counsel for Title Source and counsel for HouseCanary stated their agreement that the exhibits should be preadmitted and that the parties had no objection to preadmission. The trial court preadmitted the

---

[1] The parties also agreed to a supplement to the SPO, which the court ordered, but the parties do not contend the supplement is relevant to these appeals.

exhibits. Among the preadmitted exhibits are the 14 exhibits the court later sealed or ordered redacted that are in dispute in these appeals.[2]

Approximately a month into the seven-week trial, Title Source moved to close the courtroom during the trial testimony of a Title Source fact witness who Title Source anticipated would testify about its computer source code. Title Source asserted this code was a trade secret. Title Source also moved to seal documents that would be filed or placed into the record regarding its source code. These records had not been preadmitted before trial. Title Source argued that the requirements for sealing court records under Texas Rule of Civil Procedure 76a did not apply, but Title Source attempted to comply with the requirements regardless.[3] The trial court ordered these source-code documents sealed. HouseCanary too obtained temporary closure of the courtroom during testimony concerning its computer source code.

It is undisputed that HouseCanary did not request for the exhibits at issue in these appeals be sealed until after the trial concluded. According to HouseCanary, these exhibits reveal HouseCanary's purported trade secrets. The parties do not dispute that several of these exhibits were discussed and displayed at trial; however, they dispute the extent to which the exhibits were discussed and displayed and whether members of the general public or press viewed the exhibits when displayed.

At the end of trial, the trial court instructed the jury not to talk about or mention confidential aspects of the case regarding trade secrets. The trial court did not provide any guidance as to what those "confidential aspects" were and did not identify particular exhibits as containing trade secrets.

---

[2] HouseCanary no longer seeks protection for at least one of the 14 exhibits "due to events in the federal litigation" discussed below.

[3] Title Source and HouseCanary had agreed to protections for Title Source's source code through a supplement to the SPO.

Over six weeks after trial ended, HouseCanary filed a motion to seal thirty exhibits that had been admitted into evidence at trial. The motion only refers to Texas Rule of Civil Procedure 76a. HouseCanary gave public notice of its request, and appellants The Reporters Committee for Freedom of the Press and the Houston Forward Times (collectively, "Media Intervenors") as intervenors and Title Source opposed the request. The trial court held a public hearing on the matter and denied HouseCanary's motion from the bench.

Three days later, HouseCanary filed a "Motion to Reconsider Whether to Seal Certain Core Materials." HouseCanary narrowed its request to eight exhibits, which HouseCanary asserted contain its "most sensitive information." In its motion to reconsider, HouseCanary relied "solely" on TUTSA as the basis for sealing, and specifically disclaimed reliance on Texas Rule of Civil Procedure 76a. HouseCanary also asked the trial court to modify the SPO to recognize TUTSA as the statutory basis for sealing. The trial court heard the matter and verbally ruled it would grant HouseCanary's motion to reconsider and order the eight exhibits sealed. The trial court did not verbally order that the SPO be modified. The trial court instructed HouseCanary to draft an order conforming to the ruling.

HouseCanary drafted an order that included the eight exhibits specified in the motion to reconsider and six additional exhibits that HouseCanary asserted were exact copies of the eight originally-specified exhibits or contained excerpts from those eight exhibits. Soon thereafter, the trial court signed an order granting the motion to reconsider and ordering the eight originally-specified exhibits sealed in their entirety. The trial court also ordered the additional six exhibits to be redacted to remove and seal the trade secrets contained therein. Title Source and the Media Intervenors appealed this order, which is the subject of the first appeal.

Shortly after the trial court signed the sealing order, HouseCanary filed, in a separate federal-court proceeding, a motion that included a copy of two of the eight entirely-sealed

exhibits.[4] The document filed in federal court is and has been available to the public, except for a brief period during which it was under seal by the federal court.

Title Source and the Media Intervenors moved to vacate the sealing order as to the two exhibits publicly available in federal court. The Media Intervenors also sought clarification regarding the extent of their right to publish documents they lawfully obtain. The trial court denied the motion to unseal the two exhibits but issued a clarifying order as to the Media Intervenors' right to publish. Title Source and the Media Intervenors appealed the trial court's orders on these matters in the second appeal.

## JURISDICTION

House Canary initially challenges this court's jurisdiction under Texas Rule of Civil Procedure 76a to consider the first appeal. This dispute raises an issue central to the appeal—whether and to what extent the Texas Uniform Trade Secrets Act ("TUTSA") supplants Rule 76a when a party moves to seal alleged trade secrets. We will consider any potential conflict only to the extent necessary to resolve the appeal.

Absent specific authorization for interlocutory appeals and original proceedings, appellate courts only have jurisdiction over final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). The Texas Supreme Court has deemed that orders relating to sealing or unsealing court records made pursuant to Rule 76a are final, appealable judgments. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 n.13 (Tex. 1992); *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992).

By its terms, Rule 76a applies to the trial court's sealing order and gives this court jurisdiction over the first appeal:

---

[4] The document HouseCanary filed in federal court is multiple pages. One of those pages is the same as sealed exhibits DX342 and DX759. DX342 and DX759 are identical one-page exhibits.

> Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order.

TEX. R. CIV. P. 76a(8).

House Canary argues Rule 76a does not apply, despite this language, because the trial court ordered sealing pursuant to TUTSA, not Rule 76a, and because TUTSA is entirely incompatible with Rule 76a and controls.

While it is true that the court's order to seal does not mention Rule 76a, this fact alone does not remove the order from the ambit of appealable orders specified by Rule 76a(8)—i.e., "any order . . . relating to sealing or unsealing court records." "Any order" includes an order to seal pursuant to TUTSA. The plain language of Rule 76a provides for appellate jurisdiction.[5]

Rule 76a will not apply, however, if it conflicts with TUTSA and if TUTSA controls. In 2013, the Legislature passed TUTSA to expressly displace the common law of trade secret in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. 134A.007(a); *Seismic Wells, LLC v. Matthews*, No. 5:15-CV-148-C, 2016 WL 3390507, at *3 (N.D. Tex. Feb. 22, 2016). TUTSA provides for a cause of action for injunctive relief and damages for the misappropriation of trade secrets. *See* TEX. CIV. PRAC. & REM. CODE ANN. 134A.003–.004. Relevant to these appeals, section 134A.006(a) provides:

> In an action under this chapter, a court shall preserve the secrecy of an alleged trade secret by reasonable means. There is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets. Protective orders may include provisions limiting access to confidential information to only the attorneys and their experts, holding in camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.

---

[5] At the very least, the order on the motion to reconsider is an order "relating to sealing" under Rule 76a(8) because the motion asks the trial court to reconsider the motion to seal made pursuant to Rule 76a.

Section 134A.007(c) provides:

> To the extent that this chapter conflicts with the Texas Rules of Civil Procedure, this chapter controls. Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this chapter.

HouseCanary argues that Rule 76a creates a "comprehensive scheme with burdens, presumptions against sealing, [] notice procedures, and immediate appeal. Everything about that scheme is incompatible with [TUTSA], and [TUTSA] plainly overrides those requirements." Title Source and the Media Intervenors respond that Rule 76a and TUTSA can be read in harmony. They argue Rule 76a provides for immediate appeals while TUTSA is silent on the issue.

We agree with Title Source and the Media Intervenors that there is no conflict between Rule 76a(8) and TUTSA on the issue of immediate appeals. TUTSA provides that it controls "to the extent" that it conflicts with the Texas Rules of Civil Procedure. TEX. CIV. PRAC & REM. CODE ANN. § 134A.007(c). While TUTSA may conflict with the Rules on other matters—and we take no position on whether it does so—as to immediate appeals, there is no conflict. TUTSA is silent as to immediate appeals, and Rule 76a provides for such appeals. Thus, there is no express conflict. *Cf. Carpinteyro v. Gomez*, 403 S.W.3d 508, 511 (Tex. App.—San Antonio 2013, pet. denied) (determining there to be no conflict between Texas Rule of Civil Procedure 4, concerning computation of time, and a statute imposing a 120-day deadline that does not address how to compute the statutory time period).

There also is no inherent conflict. Immediate appeals, as provided for by Rule 76a(8), do not inherently conflict with heightened protections for trade secrets or presumptions in favor of protective orders. In fact, immediate appeals may vindicate the rights of trade secret holders better than alternative means of review because an immediate appeal provides trade secret holders with a vehicle to swiftly appeal a ruling that exposes trade secrets and does not impose heightened standards. A Rule 76a(8) appeal, for example, does not require a party to establish entitlement to

mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 839–41 (Tex. 1992) (orig. proceeding) (mandamus relief "is intended to be an extraordinary remedy" to correct a "clear abuse of discretion" committed by the trial court). Additionally, Rule 76a(8) provides that an appellate court can abate the appeal and order the trial court to hold further hearings and make additional findings. *See* Tex. R. Civ. P. 76a(8). Mandamus review may not be so permissive. *See Walker*, 827 S.W.2d at 837 (denying mandamus relief where the party seeking relief failed to provide the appellate court with a statement of facts from the trial court's evidentiary hearing); Tex. R. App. P. 52.3(g) ("Every statement of fact in the petition [for mandamus relief] must be supported by citation to competent evidence included in the appendix or record.").

Our holding is further supported by the language of TUTSA section 134A.007(c) which does not specifically reference Rule 76a or preclude its application to trade secret cases. We presume the Legislature was aware of the background law and acted with reference to it when it enacted TUTSA. *See Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). We also presume that the Legislature chose the words in TUTSA carefully. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). The Legislature did not assert that TUTSA conflicts with and controls over Rule 76a. Instead, TUTSA provides only that TUTSA controls "[t]o the extent that [TUTSA] conflicts with the Texas Rules of Civil Procedure."

TUTSA also does not reference the supreme court's specific rulemaking authority for adopting rules related to sealing. TUTSA section 134A.007(c) provides: "Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this chapter." Government Code Section 22.004 grants the supreme court rulemaking authority generally. *See* Tex. Gov't Code Ann. 22.004; *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008) (discussing section 22.004 and the supreme court's obligation to promulgate rules of

practice and procedure). However, Texas Government Code section 22.010 grants the supreme court specific authority to adopt rules related to sealing:

> The supreme court shall adopt rules establishing guidelines for the courts of this state to use in determining whether in the interest of justice the records in a civil case, including settlements, should be sealed.

TUTSA does not single out this section of the Government Code as a potential source of conflict. If the Legislature had meant to curtail the supreme court's rulemaking authority related to sealing, it could easily have said so. *See State v. Castle Hills Forest, Inc.*, 842 S.W.2d 370, 372 (Tex. App.—San Antonio 1992, writ denied) (determining statute did not conflict with rules of civil procedure because the Legislature enacted the statute with full knowledge of trial courts' power under the rules and, if the Legislature had meant to curtail the power, "it could easily have said so").

We determine the Legislature's choice of words and omissions in TUTSA support our holding that TUTSA does not entirely conflict with Rule 76a. Accordingly, pursuant to Rule 76a, we have jurisdiction to consider the first appeal.

## DISCUSSION

Title Source and the Media Intervenors contend, under a variety of theories, that the trial court erred by entering the sealing order. Both assert that Rule 76a supplied the standards and procedures for the trial court to evaluate HouseCanary's request to seal and that we review the sealing order for abuse of discretion. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998) (Rule 76a sealing orders are reviewed for abuse of discretion). Title Source and the Media Intervenors contend Rule 76a applied because Title Source and HouseCanary agreed in the SPO that Rule 76a would apply to any request to file material under seal, including requests made at trial. According to the argument, the trial court abused its discretion because it failed to apply Rule 76a in sealing the exhibits at issue. *See Walker*, 827 S.W.2d at 840 ("[A] clear failure by the

trial court to analyze or apply the law correctly will constitute an abuse of discretion.").[6] For its part, HouseCanary argues Rule 76a does not apply because the SPO does not and could not require its application. According to HouseCanary, the sealing order "was mandated by law" because TUTSA explicitly required the court to preserve the secrecy of HouseCanary's alleged trade secrets.

We determine that Rule 76a applied to HouseCanary's request to seal the exhibits at issue because the SPO mandates the use of Rule 76a and TUTSA does not override the SPO. Our determination resolves the first appeal and renders moot the second appeal, which concerns modifications and clarifications of the sealing order.

### *The Stipulated Protective Order*

The SPO provides that Rule 76a sets forth the procedures and standards that apply when a party seeks permission from the trial court to file material under seal. HouseCanary does not dispute the enforceability of the SPO. It contends the SPO has a more limited scope. Specifically, HouseCanary asserts the SPO does not apply to sealing requests made at trial.

We apply contract principals to ascertain and give effect to the parties' intentions as expressed in agreed orders. *See In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (per curiam) (orig. proceeding) (applying contract principals to interpret agreed protective order); *Kawasaki Motors Corp., U.S.A. v. Thompson*, 872 S.W.2d 221, 224 (Tex. 1994) (determining that

---

[6] Title Source also argues the trial court abused its discretion because it sealed the exhibits at issue even though HouseCanary did not meet the SPO requirements regarding the time for filing motions to seal. We do not reach this argument. *See* TEX. R. APP. P. 47.1. ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). Title Source and the Media Intervenors also assert several other arguments that we do not reach. *See id.* Title Source and the Media Intervenors argue that the trial court could not reconsider the motion to seal because HouseCanary had not shown changed circumstances following the initial denial. Additionally, Title Source and the Media Intervenors argue that, after the trial court admitted the exhibits at issue without protection, and after the parties discussed the exhibits in open court, the trial court could not seal the exhibits under TUTSA and the trial court was prohibited from sealing the exhibits under the First Amendment to the United States Constitution.

agreed order modified discovery request); *Care Ctr., Ltd. v. Sutton*, No. 09-07-469 CV, 2008 WL 1745862, at *2 (Tex. App.—Beaumont Apr. 17, 2008, pet. denied) (mem. op.) (interpreting agreed order to determine parties did not extend statutory deadline). We will construe an agreed order as a matter of law when it "is worded so that it can be given a certain or definite legal meaning." *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000). As with contract provisions, provisions in a stipulated order cannot be read in isolation, but all provisions must be considered with reference to the whole. *Ford*, 211 S.W.3d at 298 (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).

During the discovery phase, the parties submitted a joint motion for entry of the SPO "to facilitate discovery." The court signed the order. The SPO states it is entered "[u]nder Texas Rule of Civil Procedure 192.6 and Texas Civil Practice and Remedies Code § 134A.006." Texas Rule of Civil Procedure 192.6 provides for discovery protective orders, including one that orders "the results of discovery be sealed or otherwise protected, subject to the provisions of Rule 76a." TEX. R. CIV. P. 192.6(b)(5). Texas Civil Practice and Remedies Code § 134A.006 is the TUTSA section that provides: "[A] court shall preserve the secrecy of an alleged trade secret by reasonable means." TEX. CIV. PRAC. & REM. CODE ANN. § 134A.006(a). Section 134A.006(a) creates a "presumption in favor of granting protective orders," which may include provisions "sealing the records of the action." *Id.*

Generally, the SPO provides a means to protect "Disclosure or Discovery Material," which is defined as "items or information . . . that are produced or generated in disclosures or responses to discovery in this matter." Paragraph 4.2(b) provides a means to designate, as confidential, testimony adduced at "pretrial or trial proceedings." The SPO provides that, unless modified, it "shall remain in effect through the conclusion of this litigation."

The SPO also limits its scope in a paragraph entitled "SCOPE." The SPO provides:

> [T]he protections conferred by this Order do not cover . . . information . . . [that] becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise . . . .

The SPO further provides: "Any use of Protected Material at trial shall be governed by a separate agreement or order."

The SPO references Rule 76a twice. The SPO provides in its introductory paragraph:

> As set forth in Paragraph 12.3[7] below, this Protective Order acts as a temporary sealing order but does not entitle the Parties to file confidential information under seal; Texas Rule of Civil Procedure 76A [*sic*] sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

In addition, SPO Paragraph 11.3 provides in full:

> Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Texas Rule of Civil Procedure 76A [*sic*]. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue and this Protective Order shall operate as a temporary sealing order pursuant to Rule 76a of the Texas Rules of Civil Procedure. Upon the filing of any material under temporary seal, the party desiring to maintain the confidentiality of such material is directed to file a motion to seal the information pursuant to Rule 76a within five (5) business days. If a Receiving Party's request to file Protected Material under seal pursuant to Rule 76A [*sic*] is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant unless [*sic*] otherwise instructed by the court.

HouseCanary refers to the SPO as a "pretrial protective order." It argues the SPO excludes from its scope the trial court's sealing order because the sealing order is an order concerning the "use of Protected Material at trial," and, according to the SCOPE paragraph, the use of such material at trial "shall be governed by a separate agreement or order." HouseCanary also argues the SPO provisions regarding "filing" information under seal are not applicable at trial because a

---

[7] The reference should be to Paragraph 11.3. There is no Paragraph 12.3.

party "offers" rather than "files" evidence. Title Source argues the SPO applies beyond the discovery period, and the specific filing provisions in the SPO govern any request to seal, at trial or otherwise.[8]

Upon reviewing the entire SPO, we determine it applies at trial. Our interpretation gives effect to the language that the order "shall remain in effect through the conclusion of this litigation" and to Paragraph 4.2(b), which specifies the procedure for designating trial testimony as confidential, which would be meaningless if the SPO did not apply at trial. *See Coker*, 650 S.W.2d at 393 ("[C]ourts should examine and consider *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless.") (emphasis in original).

Although the SPO generally applies at trial, we must also consider whether the SPO applies to requests to seal trial exhibits. We determine that it does. In the introductory paragraph and Paragraph 11.3, the SPO specifies that, if a party seeks to file material under seal or keep material filed under seal, the party must comply with Rule 76a. The parties made no exception for alleged trade secrets or to filings at trial. HouseCanary argues that the provisions do not apply at trial because a party "offers" rather than "files" evidence. While it is true that a party offers evidence, if the evidence is admitted, the court reporter files the evidence with the clerk of court. *See* TEX. R. CIV. P. 75a; *Lance v. Robinson*, 543 S.W.3d 723, 733 (Tex. 2018) (determining material to be "on file" after exhibits were introduced at a preliminary injunction hearing and filed by the court reporter with the court clerk). In this case, the trial court preadmitted the exhibits at issue which

---

[8] The Media Intervenors take no clear position on the scope of the SPO. They argue that HouseCanary did not comply with the SPO, so the SPO could not serve to seal the exhibits even temporarily. The Media Intervenors also argue that TUTSA Section 134.006(a) could not authorize a protective order with less demanding standards and procedures to seal records than the standards and procedures specified in Rule 76a. We do not reach these arguments. *See* TEX. R. APP. P. 47.1.

the parties thereafter discussed and displayed in open court to varying degrees. After trial, HouseCanary moved to seal the exhibits. The trial court ordered the exhibits sealed. Soon thereafter, the court reporter filed the exhibits with the court clerk. Although HouseCanary did not file the exhibits directly with the court clerk, it did "seek[] permission from the court to file material under seal," and it did "seek[] to file under seal." HouseCanary's request fell within the terms of the SPO because the Texas Rules of Civil Procedure required the court reporter to file the exhibits at issue with the court clerk and HouseCanary sought to seal those exhibits. Because HouseCanary's request to seal fell within the terms of the SPO, the SPO required HouseCanary to comply with Rule 76a.

HouseCanary seeks to avoid this outcome by relying on the SCOPE paragraph. This paragraph, however, does not limit HouseCanary's obligations when it comes to requests to seal. The SCOPE paragraph concludes: "Any use of Protected Material at trial shall be governed by a separate agreement or order." HouseCanary argues the trial court's sealing order is just such an order. The trial court's sealing order, however, does not concern the "use" of exhibits. "Using" and "sealing" are entirely different matters. During trial, the parties used certain exhibits at issue by asking witnesses questions about the exhibits, reading portions of the exhibits, and displaying portions in the courtroom. The trial court's sealing order does not concern any of those activities. Instead, it seals the exhibits after the parties had completed trial and finished with any use they or any other trial participant would give the exhibits at trial. In sum, the SPO does not limit the provisions on sealing pursuant to the SCOPE paragraph. Consequently, the SPO required HouseCanary to comply with Rule 76a when it requested the court to seal the exhibits at issue.[9]

_____

[9] HouseCanary asked the trial court to modify the SPO, but the court did not. HouseCanary points to several statements the trial court made at the hearing on HouseCanary's motion to seal to argue the trial court imposed "an entirely separate [protection] process" during trial. The transcript, however, reveals the trial court considered only Rule 76a to provide the standards and procedures for sealing. The trial court explained that some exhibits not at issue in these

Section 134A.006(a) of TUTSA does not require us to ignore the SPO and mandate sealing, as HouseCanary contends.[10] The section provides: "[A] court shall preserve the secrecy of an alleged trade secret by reasonable means." The law further provides: "There is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets." Protective orders "may include provisions . . . sealing the records of the action . . . ." TEX. CIV. PRAC. & REM. CODE ANN. 134A.006(a). If protective orders were mandated by section 134A.006(a), the presumption in favor of protective orders would be superfluous. *See Spradlin v. Jim Walter Homes, Inc.,* 34 S.W.3d 578, 580 (Tex. 2000) (avoiding constructions that make statutory language into surplusage). Section 134A.006(a) imposes on trial courts only a duty to use "reasonable means" to preserve trade secrets. It does not mandate protective orders or compel the sealing of alleged trade secrets in all instances. *See In re Commercial Metals Co.*, No. 05-16-01214-CV, 2017 WL 3712169, at *2 (Tex. App.—Dallas Aug. 29, 2017, pet. dism'd) (mem. op.) (holding trial court did not abuse its discretion by entering protective order that balanced plaintiff's trade secret concerns with defendant's need for its owner as a surrogate in-house counsel to view protected material).

In the instant case, the trial court implemented section 134A.006(a) through the SPO. The trial court acted on the presumption in favor of granting protective orders by granting a protective order. HouseCanary concedes the SPO was a reasonable measure under section 134A.006(a) to preserve trade secrets. The SPO states in its first sentence that it is entered pursuant to section 134A.006. Section 134A.006(a) does not provide particular standards or procedures for sealing

---

appeals were sealed earlier in the case. The trial court further explained that it did not release any exhibits to a news reporter who requested trial exhibits after trial because the trial court was unsure which trial exhibits were subject to the previous orders.

[10] HouseCanary asserts that Title Source argued similarly that section 134A.006(a) controls over Rule 76a when Title Source moved to seal its own exhibits. We note that Title Source moved to seal material protected by the supplement to the SPO. Title Source also moved to seal pursuant to Rule 76a, in an abundance of caution. Neither the supplement nor the sealing order in Title Source's favor are at issue in this appeal. Regardless, Title Source cannot concede—by its prior position or otherwise—a question of law necessary to the proper disposition of an appellate issue. *See Haas v. Voigt*, 940 S.W.2d 198, 201 (Tex. App.—San Antonio 1996, writ denied).

records. The parties agreed the SPO would limit disclosure of discovery material to certain persons, thus permitting the free exchange of information during discovery. The parties further agreed that sealing any document filed with the court required compliance with Rule 76a. Nothing in the statute prohibited the SPO, and the trial court fulfilled its obligation under section 134A.006(a) by entering the SPO.

The trial court, however, abused its discretion when it ignored the SPO and ordered exhibits sealed without application of the Rule 76a standards and procedures. "We review a trial court's decision to seal records under Rule 76a for abuse of discretion." *See Gen. Tire*, 970 S.W.2d at 526. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion . . . ." *Walker*, 827 S.W.2d at 840. "Rule 76a does not reserve discretion to the trial court whether to comply with its provisions." *Chandler v. Hyundai Motor Co.*, 844 S.W.2d 882, 885 (Tex. App.—Houston [1st Dist.] 1992, no writ); *see also Gen. Tire*, 970 S.W.2d at 526 (Rule 76a requires a trial court "to balance the public's interest in open court proceedings against an individual litigant's personal or proprietary interest in privacy."). It is undisputed that the trial court did not apply Rule 76a when it decided HouseCanary's motion to reconsider whether to seal the exhibits at issue.[11] The trial court abused its discretion by sealing the exhibits at issue without applying the Rule 76a standards and procedures, as agreed and ordered in the SPO. *See Walker*, 827 S.W.2d at 840; *cf. In re Brookfield Infrastructure Grp., LLC*, No. 13-17-00486-CV, 2018 WL 1725467, at *11–12 (Tex. App.—Corpus Christi Apr. 9, 2018, no pet.) (mem. op.) (determining trial court did not abuse its discretion by compelling a party produce documents containing alleged trade secrets when the party failed to comply with an agreed protective order).

---

[11] HouseCanary asserted in its motion to reconsider that it did not renew its challenge under Rule 76a.

**CONCLUSION**

We hold the trial court abused its discretion when it sealed records without applying the Rule 76a standards and procedures, as agreed and ordered in the SPO. We set aside the trial court's order sealing the exhibits at issue, and we render judgment denying HouseCanary's Motion to Reconsider Whether to Seal Certain Core Materials. Because we reverse the trial court's order in the first appeal, No. 04-18-00509-CV, the issues raised in the second appeal, No. 04-18-00844-CV, which concern whether the trial court erred by failing to modify or sufficiently clarify its order, are moot. Accordingly, we dismiss the second appeal.

Rebeca C. Martinez, Justice