

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00790-CV

Ralph **CARPINTEYRO**, M.D., Internal Medicine Clinic Uvalde, and Amistad Nursing and
Rehabilitation Center, LLC,
Appellants

v.

Veronica **GOMEZ,** Individually as Wrongful Death Beneficiary of Rosa Garcia Gomez,
Deceased, and on behalf of the Estate of Rosa Garcia Gomez, Deceased; Amparo Isaac,
Individually as Wrongful Death Beneficiary of Rosa Garcia Gomez, Deceased, and on behalf of
the Estate of Rosa Garcia Gomez, Deceased; Armando Gomez, Individually as Wrongful Death
Beneficiary of Rosa Garcia Gomez, Deceased, and on behalf of the Estate of Rosa Garcia
Gomez, Deceased,
Appellees

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2012-02-28516-CV
Honorable Camile G. Dubose, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 1, 2013

AFFIRMED

Ralph Carpinteyro, M.D., Internal Medicine Clinic Uvalde ("IMCU"), and Amistad
Nursing and Rehabilitation Center, LLC, filed this interlocutory appeal from an order denying
their motions to dismiss health care liability claims filed against them. *See* TEX. CIV. PRAC. &
REM. CODE ANN. 51.014(9) (West Supp. 2012). We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ninety-one-year-old Rosa Garcia Gomez was admitted to live at Amistad Nursing and Rehabilitation Center, LLC, in June 2009. Gomez's attending physician was Ralph Carpinteyro, M.D., who was employed by IMCU. Gomez was taken to a hospital emergency room on December 13, 2009, because she was non-responsive and had extremely poor vital signs. Hospital staff noted Gomez was malnourished and dehydrated, and discovered Gomez had a severe distal femur fracture, which was treated by immobilization. On January 4, 2010, Gomez was discharged from the hospital and returned to Amistad's facility under hospice care. Gomez died on January 21, 2010.

Gomez's children, Veronica Gomez, Amparo Isaac, and Armando Gomez ("the Gomezes"), filed health care liability claims against Carpinteyro, IMCU, and Amistad on February 10, 2012. Carpinteyro, IMCU, and Amistad answered the suit. The Gomezes mailed their expert report via certified mail to counsel for Carpinteyro, IMCU, and Amistad on Monday, June 11, 2012. Thereafter, Carpinteyro, IMCU, and Amistad filed motions to dismiss the Gomezes' healthcare liability claim, asserting the expert report was untimely. In their motions to dismiss, Carpinteyro, IMCU, and Amistad argued the last day to serve the expert report in this case was on Saturday, June 9, 2012—literally the 120th day after the Gomezes' health care liability claim was filed. Carpinteyro, IMCU, and Amistad further argued that rule 4 of the Texas Rules of Civil Procedure, which governs the computation of time prescribed by applicable statutes, had no application to the expert report deadline because the rule conflicted with the statute establishing the deadline. The trial court denied the motions to dismiss, and Carpinteyro, IMCU, and Amistad appealed.

**DISCUSSION**

In one issue, Carpinteyro, IMCU, and Amistad argue the trial court erred in denying their motions to dismiss because the Gomezes' expert report was not timely served. It is undisputed that the expert report was served on Monday, June 11, 2012, when it was mailed to counsel for Carpinteyro, IMCU, and Amistad via certified mail. *See* TEX. R. CIV. P. 21a. However, Carpinteyro, IMCU, and Amistad argue the expert report was untimely because the 120th day after the original petition was filed was Saturday, June 9, 2012, and the report was not served until Monday, June 11, 2012. Carpinteyro, IMCU, and Amistad assert that neither rule 4 of the Texas Rules of Civil Procedure nor section 311.014 of the Texas Government Code—which usually apply when the last day of a time period falls on a Saturday—applies here because neither one conflicts with section 74.351(a) of the Texas Civil Practice and Remedies Code, which establishes the time period for serving expert reports in healthcare liability cases.

We generally review a trial court's ruling on a motion to dismiss a claim pursuant to section 74.351 for an abuse of discretion. *Texas Laurel Ridge Hosp., L.P. v. Almazan*, 374 S.W.3d 601, 604 (Tex. App.—San Antonio 2012, no pet.) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001)). However, when resolution of the issue turns on a question of law, we apply a de novo standard. *Id.* (citing *Buchanan v. O'Donnell*, 340 S.W.3d 805, 810 (Tex. App.—San Antonio 2011, no pet.)).

Section 74.351(a) of the Texas Civil Practice and Remedies Code provides, in pertinent part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). If a claimant does not timely serve the expert report, the court shall grant the defendant's motion to dismiss the case with prejudice. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West 2011). Rule 4 of the Texas Rules of Civil Procedure, titled "Computation of Time," provides, in pertinent part,

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, *unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.*

TEX. R. CIV. P. 4 (emphasis added). Similarly, section 311.014 of the Texas Government Code, titled "Computation of Time," provides, in pertinent part:

> (a) In computing a period of days, the first day is excluded and the last day is included.
>
> (b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.

TEX. GOV'T CODE ANN. § 311.014(a), (b) (West 2013).

According to Carpinteyro, IMCU, and Amistad, section 74.351(a) of the Texas Civil Practice and Remedies Code trumps the operation of rule 4 of the Texas Rules of Civil Procedure and section 311.014 of the Texas Government Code in this case. In support of this argument, Carpinteyro, IMCU, and Amistad cite section 74.002(a) of the Texas Civil Practice and Remedies Code which provides: "In the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict." TEX. CIV. PRAC. & REM. CODE ANN. § 74.002(a) (West 2011).

We agree that section 74.351(a) would trump rule 4 and section 311.014 of the Texas Government Code if a conflict actually existed. *Chesser v. LifeCare Mgmt. Serv., L.L.C.*, 356 S.W.3d 613, 642 (Tex. App.—Fort Worth 2011, pet. denied) ("Section 74.002(a) states that…in

the event of a conflict between a provision of chapter 74 of the civil practice and remedies code and any other statute, rule of procedure, or rule of evidence, chapter 74 trumps."). But there is no conflict here. Section 74.351(a) requires a healthcare liability claimant to serve an expert report not later than the 120th day after the original petition is filed, but the statute does not address how to compute the 120-day time period. In fact, nowhere does Chapter 74 of the Texas Civil Practice and Remedies Code address how to compute the time period specified in section 74.351(a). On the other hand, rule 4 of the Texas Rules of Civil Procedure expressly addresses how to compute "any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute." TEX. R. CIV. P. 4. Likewise, section 311.014 expressly addresses the computation of time. *See* TEX. GOV'T CODE ANN. § 311.014(a), (b) (West 2013). We hold there is no conflict between section 74.351(a) and rule 4 of the Texas Rules of Civil Procedure or section 311.014 of the Texas Government Code. *See In re Anderson Constr. Co.*, 338 S.W.3d 190, 196 (Tex. App.—Beaumont 2011, orig. proceeding) (concluding there was no conflict between the rule of civil procedure permitting parties to amend their pleadings to add new claims and section 27.004 of the Texas Property Code when the statute was silent with respect to the amendment of pleadings to add new claims).

Because there is no conflict between section 74.351(a) and rule 4 of the Texas Rules of Civil Procedure or section 311.014 of the Texas Government Code, the expert report in this case was timely served. Accordingly, the trial court did not abuse its discretion in denying the motions to dismiss. The trial court's order denying the motions to dismiss is affirmed.

Karen Angelini, Justice